1

2

3

4

5

6

7

UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| JAMES ALLEN, | No. C 12-01610 LB |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| NEXTERA ENERGY OPERATING SERVICES, LLC, | |
| Defendant. | |

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

## I. INTRODUCTION

Plaintiff James Allen sued Nextera Energy Operating Services, LLC[1] (formerly Florida Power and Light) in Alameda County Superior Court alleging state law claims stemming from Nextera's termination of Allen's employment.  Complaint, ECF No. 1 at 7.[2]  Allen's complaint alleges three claims: (1) wrongful termination in violation of public policy; (2) breach of employment contract; and (3) breach of the  covenant of good faith and fair dealing.  *Id.* at 9-10.  Nextera removed the case to federal court based upon this court's diversity jurisdiction.  Notice of Removal, ECF No. 1 at 2.

---

[1]  On May 22, 2012, Allen voluntarily dismissed Nextera Energy Montezuma II Wind, LLC, Nextera Energy Power Marketing, LLC, and Nextera Energy Project Management, LLC.  ECF No. 13.

[2]  Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

ORDER
C 12-01610

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Nextera admits that the allegations in Allen's complaint are sufficient to state a wrongful

2  termination claim at this stage of the case.  Mot., ECF No. 6 at 3.  Nextera moves to dismiss Allen's

3  second and third causes of actions under Federal Rule of Civil Procedure 12(b)(6).  Motion to

4  Dismiss, ECF No. 6.

5                              **II.  BACKGROUND**

6    Allen was employed by Nextera at its wind energy facility in Livermore, California from 1999 to

7  2011.  ECF No. 1 at 1, ¶ 2, 8-9, ¶¶ 6-10.  According to Allen, he and Nextera were parties to an

8  "oral, written, and implied-in-fact" employment contract ("Agreement").  *Id.* at 10, ¶ 17.  The terms

9  of the Agreement provided that Allen would not be terminated without good cause, notice, and an

10  opportunity to correct any problems with his work performance.  *Id.*

11    During the course of Allen's employment, one of his co-workers brought an action against

12  Nextera on behalf of a putative class of workers that included Allen.  *Id.* at 8, ¶ 7.  While that

13  litigation was proceeding, Allen observed his supervisors trying to persuade the putative class

14  members to opt out of the class.  *Id.* at 8-9, ¶¶ 8-9.  He subsequently reported his observations to the

15  class action administrator.  *Id.* at 9, ¶ 9.  On or about July 20, 2011, Nextera discovered that Allen

16  had provided this information to the claims administrator.  *Id.*  Immediately after making this

17  discovery, Nextera performed a criminal background check on Allen, which revealed that he had

18  pleaded guilty to a misdemeanor charge following a December 24, 2010 arrest.  *Id.* at 9, ¶ 10.

19  Allen's arrest was unrelated to his job duties or work performance.  *Id.*  Nonetheless, Nextera placed

20  Allen on administrative leave, claiming that he had violated a company policy that required Allen to

21  report his arrest to Nextera.  *Id.*  Nextera terminated Allen's employment on August 4, 2011.

22                            **III.  LEGAL STANDARDS**

23    A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

24  not contain enough facts to state a claim to relief that is plausible on its face.  *See Bell Atlantic Corp.*

25  *v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads

26  factual content that allows the court to draw the reasonable inference that the defendant is liable for

27  the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard

28  is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

ORDER
C 12-01610                                      2

1  defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.) "While a complaint

2  attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

3  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

4  conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

5  allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550

6  U.S. at 555 (internal citations and parentheticals omitted).

### IV.  DISCUSSION

**A.  Breach of Employment Contract**

9  In his second cause of action, Allen alleges that Nextera breached the Agreement by discharging

10  him without good cause, despite his satisfactory performance. ECF No. 1 at 10, ¶¶ 17-20. The

11  parties do not dispute that in order to state a cause of action for breach of contract, Allen must

12  allege: 1) the existence of a contract; 2) plaintiff's performance or excuse for non-performance; 3)

13  defendant's breach; and 4) resulting damage. ECF No. 6 at 4. Because of the presumption of at will

14  employment under California Labor Code Section 2292, Allen bears the burden of proving that he

15  could only be discharged for cause. *See Haycock v. Hughes Aircraft Co.*, 22 Cal. App. 4th, 1473,

16  1489 (1994). Thus, Allen must allege sufficient facts to allow the court to draw the inference that

17  Nextera could only terminate his employment for cause.

18  If the claim were based on a written contract, the complaint plausibly alleges the existence of

19  that contract. But the complaint alleges an "oral, written and implied-in-fact" contract, ECF No. 1 at

20  10, ¶ 17. Allen's opposition to Nextera's motion argues only about a breach of contract claim

21  predicated on a breach of an implied contract, *see* ECF No. 11 at 5 (referring to Allen's claim for

22  breach of an implied contract for employment), and he confirmed this at oral argument. Given this,

23  Allen has not met his burden because he has not alleged any facts regarding when the implied

24  contract took effect, how it was formed, or its specific terms. Without such details, Allen's breach

25  claim is wholly conclusory and falls short of the pleading standards mandated by *Iqbal* and

26  *Twombly*. Accordingly, Nextera's motion to dismiss Allen's second cause of action is GRANTED

27  with leave to amend.

28  \\\

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

**B. Breach of the Covenant of Good Faith and Fair Dealing**

Allen's third cause of action is for breach of the covenant of good faith and fair dealing.  This implied covenant "prevents a contracting party from engaging in conduct which, while not technically transgressing the covenants, frustrates the other party's right to the benefits of the contract."  ECF No. 11 at 4.  Because Allen has not sufficiently alleged the existence of the underlying contract, he has necessarily failed to state a claim for breach of a covenant implied in that contract.  Accordingly, Nextera's motion to dismiss Allen's third cause of action is GRANTED with leave to amend.

## V.  CONCLUSION

Based on the foregoing, Nextera's motion to dismiss Allen's Complaint is GRANTED with leave to amend.

This disposes of ECF No. 6.

**IT IS SO ORDERED.**

Dated: May 25, 2012

LAUREL BEELER
United States Magistrate Judge

ORDER
C 12-01610

4