UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JAMES ALLEN, | No. C 12-01610 LB |
|                 Plaintiff, | ORDER DENYING MOTION TO DISMISS |
|     v. | |
| NEXTERA ENERGY OPERATING SERVICES, LLC, | |
|                 Defendant. | |

## I. INTRODUCTION

Plaintiff James Allen filed this lawsuit against his former employer NextEra Energy Operating Services, LLC ("NextEra"), alleging three state law claims: (1) wrongful termination in violation of public policy; (2) breach of employment contract; and (3) breach of the covenant of good faith and fair dealing. First Am. Compl. ("FAC"), ECF No. 17, ¶¶ 8-21.[1] He filed the FAC after the court dismissed the claims for breach of employment contract and the implied covenant of good faith and fair dealing. *See* Order, ECF No. 15. NextEra moves to dismiss these two claims, and the court denies the motion.[2]

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page numbers at the top of the document.

[2] Pursuant to N. D. Cal. Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and vacates the August 16, 2012 hearing.

## II. BACKGROUND

Allen was employed by NextEra at its wind energy facility in Livermore, California from 1999 to 2011. FAC, ECF No. 17 at 1, ¶¶ 2- 3, 7. According to Allen, he and NextEra entered into an employment contract in 2000 (the "Agreement"). *Id.* ¶ 14. The FAC describes the Agreement as being an implied contract that was formed through:

> oral promises by plaintiff's various supervisors throughout his employment, by written policies establishing a system of progressive discipline, and through conduct by the employer whereby employees were subjected to progressive discipline, given an opportunity to correct performance problems, and not terminated unless there was good cause for termination.

*Id.* ¶ 14. According to Allen, the Agreement provided that Allen would not be terminated without good cause, notice, and an opportunity to correct any problems with his work performance. *Id.*

During the course of Allen's employment, one of his co-workers brought an action against NextEra on behalf of a putative class of workers that included Allen. *Id.* ¶ 4. While that litigation was proceeding, Allen observed his supervisors trying to persuade the putative class members not to participate in the litigation. *Id.* ¶ 6. He subsequently reported his observations to the class action administrator. *Id.* On or about July 20, 2011, NextEra discovered that Allen had provided this information to the claims administrator. *Id.* Immediately after making this discovery, NextEra performed a criminal background check on Allen, which revealed that he had pleaded guilty to a misdemeanor charge following a December 24, 2010 arrest. *Id.* ¶ 7. Allen's arrest was unrelated to his job duties or work performance. *Id.* Nonetheless, NextEra placed Allen on administrative leave, claiming that he had violated a company policy that required him to report his arrest to NextEra. *Id.* NextEra terminated Allen's employment on August 4, 2011.

Allen originally filed suit in Alameda County Superior Court on February 15, 2012. *See* Compl., ECF No. 1 at 7. NextEra was served with the state court Summons and Complaint on March 1, 2012. Notice of Removal, ECF No. 1, ¶ 5. On March 30, 2012, NextEra removed the case to federal court based upon diversity jurisdiction. Notice of Removal, ECF No. 1, ¶¶ 7-12. NextEra moved to dismiss Allen's second and third causes of action on April 6, 2012. After a May 24, 2012 hearing, the court granted NextEra's motion. *See* Order, ECF No. 15. Allen filed the FAC on June 8, 2012. ECF No. 17. On June 29, 2012, NextEra filed the pending motion to dismiss Allen's

second and third causes of action, which is now fully briefed and ripe for resolution.

## III. LEGAL STANDARDS

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

## IV. DISCUSSION

### A. Breach of Employment Contract

In his second cause of action, Allen alleges that by discharging him without good cause, despite his satisfactory performance, NextEra breached an implied employment contract with him formed by a combination of oral promises, written policies, and the employer's conduct about progressive discipline and termination only for good cause. FAC, ECF No. 17, ¶¶ 14-17.[3]

To state a cause of action for breach of contract, Allen must allege the following: 1) the existence of a contract; 2) plaintiff's performance or excuse for non-performance; 3) defendant's breach; and 4) resulting damage. ECF No. 6 at 4. Because of the presumption of at will

---

[3] NextEra argues that Allen really is making a claim for breach of a written contract that is insufficient because Plaintiff already said there was no written contract and did not reference any specific written policies reflecting an agreement with NextEra. Mot., ECF No. 19 at 5-6. But as Allen stated at the May 24, 2012 hearing, the claim is for breach of an implied contract, and Allen makes only that argument in his opposition. *See, e.g.,* Opp'n, ECF No. 20 at 1, 3-5. The court does not read his complaint as alleging anything other than breach of an implied contract.

ORDER
C 12-01610 LB　　　　　　　　　　　3

employment under California Labor Code Section 2292, Allen bears the burden of proving that he could be discharged only for cause. *See Haycock v. Hughes Aircraft Co.*, 22 Cal. App. 4th, 1473, 1489 (1994). Thus, Allen must allege sufficient facts to allow the court to draw the inference that Nextera could only terminate his employment for cause.

**1. Parties' Arguments**

NextEra contends that the allegations here are identical to those in the earlier complaint. *See* Mot., ECF No. 19 at 5-6. NextEra states that the FAC fails because Allen "continues to only allege when his employment began (2000) and that NextEra used progressive discipline . . . ." *Id.* at 6. According to NextEra, these allegations are insufficient to overcome the presumption of at-will employment. *Id.* NextEra also cites case law that supports the proposition that a plaintiff cannot overcome the presumption of at-will employment merely by alleging length of employment with the employer either on its own or in combination with allegations that an employer uses a progressive discipline policy. *Id.* (citing *Ramirez v. Salvation Army*, No. C06-0637 TEH, 2006 WL 2934090, at *4-5 (N.D. Cal. Oct. 13, 2006) (dismissing breach of implied contract claim where plaintiff alleged only length of employment to establish existence of implied contract); *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 342-43 (2009) (noting that the undisputed length and merit of plaintiff's career did not establish implied contract altering at-will status); *Bartalini v. Blockbuster Entm't, Inc.*, No. C-98-3943-SC, 1999 WL 1012383, at *4 (N.D. Cal. 1999) (stating that the use of a progressive discipline policy does not negate an employee's at-will status)).

In response, Allen attempts to distinguish NextEra's cases. Opp'n, ECF No. 20 at 3. Allen points out that *Ramirez* held that length of employment alone would not overcome the presumption of at-will employment at the pleading stage, while *Guz* and *Bartalini* applied the stricter standard applicable to summary judgment motions. *Id.* Instead, Allen claims that the FAC alleges that he was not an at-will employee and that allegation is presumed to be true at this stage of the case. Opp'n, ECF No. 20 at 3. Allen also cites case law for the proposition that a plaintiff can rebut the presumption of at-will employment by showing contrary terms in an implied contract. *Id.* (citing *Scott v. Pacific Gas and Electric Co.*, 11 Cal. 4th 454, 464 (1995); *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 680 (1988)). Allen quotes *Foley*, in which the California Supreme Court stated that

the existence and content of an implied-in-fact contract could be established through evidence "'including the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged.'" *Id.* (quoting *Foley*, 47 Cal. 3d at 680). Allen argues that the FAC now contains specific details regarding the formation of Allen's implied contract, and that this is sufficient to survive to survive a motion to dismiss. *Id.* at 4.

In its Reply brief, NextEra argues that the FAC fails because Allen did not comply with the court's Order, which NextEra claims required Allen "to identify when the contract took effect, how it was formed, and its specific terms . . . ." Reply, ECF No. 21 at 2. In contrast, "Plaintiff has not identified the supervisors involved, the dates the oral promises were made, or the progressive discipline policies at issue." *Id.*

NextEra also discusses two cases it contends support dismissal. First NextEra discusses *Vargas v. BP America*, No. CIC. S-10-3130 LKK/GGH, 2011 WL 1601588, at *4 (E.D. Cal. Apr. 27, 2011), where the district court dismissed a claim for breach of an implied employment contract. *See* Reply, ECF No. 21 at 3-4. In *Vargas*, the plaintiff's claim was based on the allegation "that he was employed pursuant to an 'oral and/or implied agreement that Defendants would continue Plaintiff's employment for an indefinite period of time into the future so long as plaintiff fulfilled his duties and obligations under the employment agreement, and that plaintiff's employment would not be terminated except for good cause.'" Second, in *Schubert v. Laird Techs., Inc.*, the court dismissed the plaintiff's claim that he had an implied contract against at-will termination based on the "threadbare claim that [defendant] 'repeatedly promised plaintiff that [defendant] would continue to employ plaintiff on a permanent full-time basis . . . .'" No. 09-3703 SC, 2009 WL 3429656, at *2 (N.D. Cal., Oct. 22, 2009).

**2. Analysis**

Because of the presumption of at will employment under California Labor Code Section 2292, Allen bears the burden of proving that he could only be discharged for cause. *See Haycock*, 22 Cal. App. 4th at 1489. Thus, Allen must allege sufficient facts to allow the court to draw the inference that he and NextEra entered into an implied contract that limited NextEra's ability to terminate

1 Allen's employment.

2 Given the liberal pleading requirement of the federal rules, Allen has sufficiently alleged a claim
3 for breach of an implied employment contract.[4] The FAC alleges when the contract was formed, its
4 duration, that it was formed through oral promises made by plaintiff's supervisors, written policies
5 that established a system of progressive discipline, and a course of conduct whereby NextEra
6 followed progressive discipline policies and did not terminate employees without good cause. *See*,
7 FAC, ECF No. 17 at 3. While Allen's allegations are not detailed, they are sufficient to place
8 NextEra on notice of the basis for his claim.

9 The cases NextEra cites involved either wholly conclusory allegations (*Vargas* and *Schubert*) or
10 allegations that an implied contract negating at-will employment was formed merely through length
11 of service or employer promises and progressive discipline policies (*Ramirez*, *Bartalini*, and *Guz*).
12 In contrast, Allen alleges length of service, oral promises made by his supervisors, a system of
13 progressive discipline, *and* a course of conduct.

14 Nor does the court agree with NextEra's interpretation of the court's previous order. Despite
15 NextEra's claim to the contrary, the court did not state that Allen had to "*identify* when the contract
16 took effect, how it was formed, and its specific terms . . . ." Reply, ECF No. 21 at 2 (emphasis
17 added). Rather, the court stated that dismissal was warranted because Allen had "*not alleged any*
18 *facts regarding* when the implied contract took effect, how it was formed, or its specific terms."
19 Order, ECF No. 15 at 3 (emphasis added). In fact, at the hearing in this matter, the court advised
20 Allen's counsel that Allen needed only to allege, for example, that the contract was based on
21 specific policies that were set forth in handbooks or representations by Allen's supervisors. And the
22 court specifically stated that Allen need not allege the names of supervisors who made certain
23 promises on certain days. Because Allen now alleges facts that plausibly support his claim for
24 breach of an implied contract, the court DENIES NextEra's motion to dismiss Allen's second cause

---

[4] Despite Allen's argument to the contrary, the court need not presume the truth of Allen's allegation that he was an "at-will" employee. *See* Opp'n, ECF No. 20 at 3. Whether a party is an "at-will" employee is a question of law, not entitled to the presumption of truth. *See, e.g., Vargas*, 2011 WL 1601588, at *4 ("plaintiff's bare assertion that an implied agreement existed is conclusory and insufficient").

ORDER
C 12-01610 LB               6

of action.

## B. Breach of the Implied Covenant of Good Faith and Fair Dealing

Allen's third cause of action is for breach of the implied covenant of good faith and fair dealing. FAC, ECF No. 17 at 4. This covenant is implied by law in every contract and "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz*, 24 Cal. 4th at 349. "The covenant thus cannot be endowed with an existence independent of its contractual underpinnings." *Id.* (internal quotation omitted).

NextEra argues only that Allen's good faith and fair dealing claim fails because he has not sufficiently alleged the existence of an underlying contract. *See* Mot., ECF No. 19 at 7; Reply, ECF No. 21 at 5-6. Because the court finds otherwise, NextEra's motion to dismiss Allen's third cause of action is DENIED.

## V. CONCLUSION

Based on the foregoing, the court denies NextEra's motion to dismiss Allen's First Amended Complaint.

This disposes of ECF No. 19.

**IT IS SO ORDERED.**

Dated: August 2, 2012

_____
LAUREL BEELER
United States Magistrate Judge